UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                   :
MACARIO MAR RODRIGUEZ,             :
                                   :
        Petitioner,                :   Civ. No. 16-5452 (NLH)
                                   :
    v.                             :   OPINION
                                   :
UNITED STATES OF AMERICA,          :
                                   :
        Respondent.                :
_____:

APPEARANCES:
Macario Mar Rodriguez, # 62714-279
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640
    Petitioner Pro se

HILLMAN, District Judge

     Petitioner Macario Mar Rodriguez, a prisoner confined at the Federal Correctional Institution ("FCI") in Fort Dix, New Jersey, files this writ of habeas corpus under 28 U.S.C. § 2241.

     The filing fee for a petition for writ of habeas corpus is $5.00.  Pursuant to Local Civil Rule 54.3(a), the filing fee is required to be paid at the time the petition is presented for filing.  Pursuant to Local Civil Rule 81.2(b), whenever a prisoner submits a petition for writ of habeas and seeks to proceed in forma pauperis, that petitioner must submit (a) an affidavit setting forth information which establishes that the petitioner is unable to pay the fees and costs of the

proceedings, and (b) a certification signed by an authorized officer of the institution certifying (1) the amount presently on deposit in the prisoner's prison account and, (2) the greatest amount on deposit in the prisoners institutional account during the six-month period prior to the date of the certification.  If the institutional account of the petitioner exceeds $200, the petitioner shall not be considered eligible to proceed in forma pauperis. L. C<small>IV</small>. R. 81.2(c).

Petitioner did not prepay the $5.00 filing fee for a habeas petition as required by Local Civil Rule 54.3(a), and instead submitted an application to proceed in forma pauperis, see (ECF No. 1-2).  In Petitioner's in forma pauperis application, a prison official certifies that "the greatest amount on deposit in the prisoner's prison account during the six-month period prior to the date of this certification is $1,264.48." (In Forma Pauperis App. 3, ECF No. 1-2).  However, a review of Petitioner's inmate account statement reveals that that figure ($1,264.48) corresponds to the "National 6 Months Deposits" — which appears to be the total amount of deposits during this time period — and not the greatest amount on deposit as requested in the application. (Id. at 5).  Nevertheless, this Court's review of the inmate account statement suggests that the greatest amount on deposit in the six-month period prior to the filing of the instant Petition exceeded $200. (Id. at 7).  This

2

conclusion is supported by the fact that Petitioner's "Local Max. Balance" for the previous 30 days is reported as $200.29. (Id. at 5). Because it appears that the amount on deposit in Petitioner's account has exceeded $200.00 in the past six-months, he is not eligible to proceed in forma pauperis. See L.Civ.R. 81.2(c). Accordingly, Petitioner's application for leave to proceed in forma pauperis will be denied.

Finally, the Court notes that the Petition does not set forth grounds for relief and, instead, makes reference to a "Memorandum of Law." (Pet. 6-8, ECF No. 1). However, no such memorandum was received by the Court. In the event Petitioner seeks to reopen this matter, he may submit an Amended Petition which sets forth his grounds for relief, and includes, if necessary, a memorandum of law.

## CONCLUSION

For the reasons set forth above, the Clerk of the Court will be ordered to administratively terminate this action without prejudice. Petitioner will be granted leave to apply to reopen within 45 days, by prepaying the $5 filing fee.

An appropriate Order will be entered.

                                  ___s/ Noel L. Hillman_____
                                  NOEL L. HILLMAN
                                  United States District Judge

Dated: September 13, 2016
At Camden, New Jersey