UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MACARIO MAR RODRIGUEZ,

    Petitioner, : Civ. No. 16-5452 (NLH)

  v. : OPINION

UNITED STATES OF AMERICA,

    Respondent.

APPEARANCES:
Macario Mar Rodriguez
62714-279
Fort Dix
Federal Correctional Institution
Inmate Mail/Parcels
East: P.O. Box 2000
Fort Dix, NJ 08640
    Petitioner Pro se

HILLMAN, District Judge

    Petitioner Macario Mar Rodriguez, a prisoner confined at the Federal Correctional Institution ("FCI") in Fort Dix, New Jersey, filed this writ of habeas corpus under 28 U.S.C. § 2241, challenging the validity of his sentence. (ECF No. 1). This matter was administratively terminated due to Petitioner's failure to satisfy the filing fee requirement (ECF Nos. 2, 3) and failure to provide any information on his grounds for relief (ECF Nos. 4, 5). Petitioner has since paid the required filing fee and submitted an Amended Petition containing his grounds for

relief. (ECF No. 6.) At this time, the Court will review the Amended Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, (amended Dec. 1, 2004), made applicable to § 2241 petitions through Rule 1(b) of the Habeas Rules. See also 28 U.S.C. § 2243. For the reasons set forth below, the Amended Petition will be dismissed.

I. **BACKGROUND**

On September 10, 2014, the United States District Court for the Southern District of Texas sentenced Petitioner to 144 months imprisonment for conspiracy to transport undocumented aliens in violation of 8 U.S.C. § 1324. See United States v. Rodriguez, Crim. Action No. 13-1244 (S.D. Tex. 2014). Petitioner filed a Motion to Vacate under 28 U.S.C. § 2255 on July 6, 2016 and on July 28, 2016, the court entered an order dismissing that petition as untimely. Rodriguez v. United States, Civ. Action No. 16-197 (S.D. Tex. 2014).

On November 15, 2016, Petitioner filed his Amended Section 2241 Petition with this Court, raising ineffective assistance of counsel claims. (ECF No. 6.) The instant Amended Petition is identical to the Section 2255 Petition that the Southern District of Texas dismissed as untimely in July 2016.

**II. DISCUSSION**

**A. Legal Standard**

With respect to screening the instant habeas petition, 28 U.S.C. § 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

As Petitioner is proceeding pro se, his petition is held to less stringent standards than those pleadings drafted by lawyers. See Rainey v. Varner, 603 F.3d 189, 198 (3d Cir. 2010) ("It is the policy of the courts to give a liberal construction to pro se habeas petitions") (internal quotation marks and citation omitted). Nevertheless, "a district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court[.]" Lonchar v. Thomas, 517 U.S. 314, 320 (1996).

**B. Analysis**

Petitioner is seeking to have this Court review the judgment of conviction and sentence entered by the Southern District of Texas in these habeas proceedings. Generally, a

challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. See Jackman v. Shartle, 535 F. App'x 87, 88 (3d Cir. 2013) (citing Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002)). This is true because § 2255 prohibits a district court from entertaining a challenge to a prisoner's federal sentence through § 2241 unless the remedy under § 2255 is "inadequate or ineffective." See 28 U.S.C. § 2255(e). Indeed, § 2255(e) states that:

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such a court has denied him relief, unless it also appears that the remedy by the motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). A § 2255 motion is "inadequate or ineffective," which permits a petitioner to resort to a § 2241 petition, "only where the petitioner demonstrates that some limitation or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (citations omitted). However, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of

4

limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of ... § 2255." Cradle, 290 F.3d at 539 (citations omitted). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Id. at 538 (citation omitted). "The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." Id. at 539 (citing In re Dorsainvil, 119 F.3d 245, 251-52 (3d Cir. 1997)).

In Dorsainvil, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241, where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate[.]" 119 F.3d at 251. Nevertheless, the Third Circuit emphasized that its holding was not suggesting that a § 2255 motion was "inadequate or ineffective" merely because a petitioner is unable to meet the strict gatekeeping requirements of § 2255. See id. The "safety valve," as stated in Dorsainvil, is a narrow one and has been held to apply in situations where the prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law. See Okereke, 307 F.3d at 120 (citing Dorsainvil, 119 F.3d at 251).

Here, Petitioner does not allege facts which bring him within the Dorsainvil exception. His claims do not allege that he had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate. Instead, he makes the identical arguments about ineffective assistance of counsel in his underlying criminal proceeding that he made in his prior § 2255 Petition, which was already dismissed as untimely by the Texas district court. As stated above, "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Cradle, 290 F.3d at 539; Drabovskiy v. Warden of FCI Allenwood, 595 F. App'x 96 (3d Cir. 2014) (per curiam) (same).

Accordingly, this Court lacks jurisdiction to consider the instant habeas Petition. Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631. Because Petitioner has already filed a § 2255, he must receive authorization from the Fifth Circuit to file another one. See 28 U.S.C. § 2255(h). Because the Amended Petition is identical to the 2255 petition already rejected by the sentencing court, this Court finds that

6

it is not in the interest of justice to transfer the Amended Petition to the Fifth Circuit for its consideration as a request to file a second or successive § 2255 motion.[1]

### III. CONCLUSION

For the foregoing reasons, the Amended Petition will be summarily dismissed due to a lack of jurisdiction. An appropriate order follows.


Dated: June 20, 2017            s/ Noel L. Hillman
At Camden, New Jersey           NOEL L. HILLMAN, U.S.D.J.

---

[1] The Court's decision not to transfer the instant Amended Petition does not preclude Petitioner from filing a request with the Fifth Circuit on his own.